# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ~~COLORADO~~ Wyoming

Civil Action No. _____
(To be supplied by the court)

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

Amber J. Thompson,
Plaintiff,

JUN 22 2010

Stephan Harris, Clerk
Cheyenne

v.

Cheyenne Periodontics,
Defendant.

10CV0123

## TITLE VII COMPLAINT

### PARTIES

1. Plaintiff Amber J. Thompson is a citizen of USA who presently resides at the following address:
   8411 Ridge Rd   Cheyenne, Wy 82009

2. Defendant Cheyenne Periodontics lives at or is located at the following address:
   1401 Airport Pkwy #110 Cheyenne, Wy

Attach a separate page, if necessary, to list additional parties.

### JURISDICTION

3. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

4. Defendant is an employer within the meaning of Title VII.

5. The alleged unlawful employment practices took place at the following location:
   Cheyenne Periodontics  1401 Airport Pkwy #110

6. Jurisdiction also is asserted pursuant to the following statutory authority:
   _____

(Rev. 07/06)

**ADMINISTRATIVE PROCEDURES**

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission or other appropriate administrative agency on June 10, 2008 (date) regarding the alleged discriminatory conduct by Defendant(s).

8. Plaintiff received from the Equal Employment Opportunity Commission or other appropriate administrative agency a Notice of Right to Sue the Defendant(s) on April 22, 2010 (date). (Please attach to the complaint a copy of the Notice of Right to Sue.)

## NATURE OF THE CASE

9. Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

    ✓ Race      ____ Color      ____ Religion

    ✓ Sex      ____ National Origin

    ____ Other (please specify) _____

10. Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

    ____ Failure to hire

    ____ Failure to promote

    ✓ Demotion/discharge from employment

    ____ Other (please specify) _____

# FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

(Please number your paragraphs and attach any necessary additional pages. Alternatively, you may attach to the complaint a copy of the charge of discrimination you submitted to the Equal Employment Opportunity Commission.)

Please see attached

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

full back pay and benefits

Compensatory and punitave damages in the amount of $500,000

Date: 6·14·2010

_Amber J Thompson_
(Plaintiff's Original Signature)

8411 Ridge Rd
(Street Address)

Cheyenne, Wy 82009
(City, State, ZIP)

307-514-4384
(Telephone Number)

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Amber J. Thompson
505 Williams #209
Cheyenne, WY 82007

From: Denver Field Office
303 East 17th Avenue
Suite 410
Denver, CO 80203

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2008-02419 | Ronald L. Houser, State & Local Coordinator | (303) 866-1300 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Nancy A. Sienko,*
Director

APR 2 0 2010
*(Date Mailed)*

Enclosures(s)

cc: **CHEYENNE PERIODONTICS**
1401 Airport Parkway #110
Cheyenne, WY 82001

James Hefflin, Esquire
Federal Administrative Law Corp.
1603 Captial Avenue, Suite 501
Cheyenne, WY 82001

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>541-2008-02419 |
|---|---|---|

Wyoming Fair Employment Program and EEOC
*State or local Agency, if any*

**Name** *(indicate Mr., Ms., Mrs.)*: Ms. Amber J. Thompson
**Home Phone** *(Incl. Area Code)*:
**Date of Birth**:

**Street Address**: 505 Williams #209, Cheyenne, WY 82007

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

**Name**: CHEYENNE PERIODONTICS
**No. Employees, Members**: Unknown
**Phone No.**:
**Street Address**: 1401 Airport Parkway #110, Cheyenne, WY 82001

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 08-07-2006
Latest: 03-31-2008
☐ CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s))*:

During the course of my employment I was subjected to sexual harassment in the form of derogatory verbal statements made by a doctor who on more than one occasion would describe his buttocks area and who also talked about other various issues about his body in the presence of female employees.

After this same doctor was notified of my pregnancy he started treating me differently than my coworkers who were not pregnant. The doctor, through his office manager, would relocate me to different areas of the office and state that the relocation was based on my pregnancy. One situation in which I was moved was described to me as necessary to keep me away from the harmful effects of the x-ray machine. In January 2008, I was moved from the back office where I was hired to work, and the x-ray machine was merely a pretext to discriminate against me because of my pregnancy. The move did nothing to relocate me from the alleged effects of the x-ray machine since I was still in close proximity along with other employees. I believe I was moved to be watched up front for the purposes of formulating a case for termination.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 6·10·08
Charging Party Signature: *[signed] Amber Thompson*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: <br> ☐ FEPA <br> ☒ EEOC | Agency(ies) Charge No(s): <br><br> 541-2008-02419 |
|---|---|---|
| **Wyoming Fair Employment Program** | | and EEOC |
| *State or local Agency, if any* | | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about March 31, 2008, the doctor met with me for the purposes of terminating my employment and served me with a letter outlining the reasons that I was being discharged. This was the first time I had ever been put on notice that I had any work place deficiencies except on one occasion when a phone call issue was addressed on February 18, 2008.

I believe I was discriminated against based on my sex (female/pregnant) and retaliated against for objecting to the doctor's inappropriate remarks. I believe I was moved to the front office because I was outspoken against the doctor's sexual misconduct and because I was pregnant. The Respondent had no business necessity for the move. Moreover, I was hired and trained for the back office and had remained in that position without incident. The alleged conduct issues did not begin until after the Respondent was notified of my pregnancy after which I was moved. There were no issues with my conduct prior to the move.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6-10-08   *[signature]*<br>Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

WYOMING DEPARTMENT OF EMPLOYMENT
FAIR EMPLOYMENT PROGRAM

| | |
|---|---|
| Amber J. Thompson ) | |
| c/o James Hefflin, Esq. ) | |
| Federal Administrative Law Corp. ) | |
| 1603 Capitol Avenue, Suite 312 ) | |
| Cheyenne, WY 82001 ) | |
| ) | |
| COMPLAINANT, ) | |
| ) | |
| v. ) | WFEP #113-2008 |
| ) | EEOC #541-2008-02419 |
| Cheyenne Periodontics ) | |
| John C. Van Ginkel, DDS ) | |
| 1401 Airport Parkway, Suite 110 ) | |
| Cheyenne, WY 82001 ) | |
| ) | |
| RESPONDENT. ) | |

**DETERMINATION**

I.  Introduction

Under the authority vested in me by the Department of Employment, the following Determination is issued as to the merits of the subject charge filed under Title VII of the Civil Rights Acts of 1964, as amended and the Wyoming Fair Employment Practices Act of 1965, as amended.

All requirements for state and federal coverage have been met. Complainant alleges she was subjected to sexual harassment and terminated because of her sex, (pregnant) female, in violation of Title VII of the Civil Rights Acts and the Wyoming Fair Employment Practices Act.

Respondent provided a position statement and response to the charge. Respondent denies Complainant was discriminated against because of her pregnancy and stated Complainant was terminated for cause and asserts Complainant's work performance was unacceptable. Respondent submitted documents in response to this office's request for information.

II.  Findings

Examination of the evidence indicates the following:

*WFEP #113-2008*
*EEOC #541-2008-02419*
*Page 2*

Respondent is a small periodontal office owned by Dr. John Van Ginkel, DDS. The dental office is located in Cheyenne, Wyoming. Respondent is the only periodontist and the only male in the office.

Complainant worked as a dental assistant for Respondent from August 7, 2006 to March 31, 2008. In addition to Complainant's education she was provided on the job training by Respondent and the other dental hygienists.

Complainant asserts and Respondent agrees Complainant was, at the time of the challenged action, a member of the protected class, pregnant female.

Evidence shows Respondent does not have any written employment policies and Respondent asserts employment problems are discussed with the employee as necessary.

Complainant asserts she was subjected to unwelcome sexual harassment. Complainant asserts the sexual harassment created a hostile working environment. Specifically, Complainant states the sexual harassment was in the form of statements made by Respondent regarding his hemorrhoidectomy surgery. Complainant asserts Respondent discussed his surgery with Complainant and other female employees and Complainant found this offensive.

Respondent denies Complainant was subjected to sexual harassment and discriminated against because of her pregnancy. Respondent asserts he had a medical problem in November 2007 and had hemorrhoidectomy surgery. Respondent states it was not a secret to employees he had the surgery.

Evidence shows in November 2007 Respondent had hemorrhoidectomy surgery and discussed his surgery and medical condition with all of his employees. Some witnesses stated they did not think Respondent's conversations regarding his surgery were offensive. However, Complainant and one other employee felt the discussions Respondent had with them regarding his surgery and medical condition were unprofessional and offensive.

Complainant states she notified Respondent she was pregnant just before Christmas 2007. Complainant asserts after she notified Respondent of her pregnancy Respondent treated her differently. Complainant states Respondent hired a new dental assistant and Respondent treated the new assistant better because she was not pregnant. Complainant asserts the office manager would have Complainant work different areas of the office. Complainant asserts moving her around the office was based on her pregnancy.

Complainant asserts she was not allowed to take x-rays and was told to work the front desk reception area. Complainant asserts the relocation was merely a pretext to formulate a case for termination as she had no doctor's restrictions.

*WFEP #113-2008*
*EEOC #541-2008-02419*
*Page 3*

Respondent acknowledges Complainant told Respondent she was pregnant but denies Complainant was treated differently because of her pregnancy. Respondent denies Complainant was told to work the front desk to form a case of termination. Respondent asserts Complainant's duties included assisting Respondent, the dental hygienists and assisting the office manager at the front desk. Respondent agrees he did not allow Complainant to take x-rays for safety and health reasons to protect Complainant and her unborn child.

Evidence shows in order for Complainant to take x-rays she would stand behind a wall, in the hall and push a button. Evidence shows the x-ray machine was in the exam room where the dental patient was sitting. There is no evidence to show Respondent possessed medical documentation stating Complainant could not take x-rays.

Complainant asserts despite her satisfactory work performance she was discharged on March 31, 2008. Complainant asserts on February 18, 2008 Respondent talked to Complainant regarding personal long distance phone calls. Complainant states this was the only time Respondent addressed Complainant's work performance and she reimbursed Respondent for the phone calls.

Respondent agrees Complainant was terminated on March 31, 2008. Respondent asserts Complainant's work performance was unacceptable and she was terminated for cause.

Evidence shows Complainant's duties included assisting Respondent, the dental hygienists and the office manager at the front reception area. Evidence shows after Complainant informed Respondent she was pregnant, Complainant was required to spend more time working at the front desk and assisted Respondent less frequently.

Respondent asserts he discovered Complainant was making personal long distance phone calls and on February 18, 2008 asked Complainant to stop making the calls.

Respondent also asserts on February 18, 2008 the business computer clock was reset at least twice. Respondent asserts, without supporting evidence, the computer clock was changed so Complainant could be compensated for time she did not work. Respondent also states on February 22, 2008 Complainant was responsible for the front desk duties and failed to complete the end of day tasks.

The office manager stated on February 22, 2008 Complainant failed to complete the end of day tasks of totaling the money transactions and securing the cash. Evidence shows this was the only time Complainant failed to complete the end of day transactions.

Respondent states on March 18, 2008 Complainant failed to forward a phone message to Respondent. Respondent states he could no longer trust Complainant with his business.

*WFEP #113-2008*
*EEOC #541-2008-02419*
*Page 4*

Complainant asserts her duties changed and she was terminated in retaliation for objecting to Respondent's inappropriate remarks regarding Respondent's hemorrhoid surgery.

Respondent denies Complainant was retaliated against. Respondent asserts he did not hear any objections to any conversations Respondent had with Complainant or any other employee.

There is no evidence supporting Complainant's assertions she was discharged for objecting to the conversations Respondent had with her regarding Respondent's hemorrhoid surgery.

Complainant was discharged on March 31, 2008.

III. Conclusion

Title VII states it is an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's ... sex..." 42 U.S.C. § 2000e-2(a). The U.S. Supreme Court stated, "[t]he phrase 'terms, conditions, or privileges of employment' evinces a congressional intent 'to strike at the entire spectrum of disparate treatment of men and women.'" *Meritor Savings Bank, FSB v. Vinson*, (USSC 1986). Further, the Court reasoned Title VII prohibits discriminatory conduct by employers that has the purpose or effect of unreasonably interfering with an individual's performance or creating an intimidating, hostile, or offensive working environment.

In 1978, Congress amended Title VII of the Civil Rights Act to prohibit discrimination on the basis of pregnancy. *Kennedy v. Schoenberg, Fisher & Newman, Ltd*, 140 F.3d at 722. This amendment, known as the Pregnancy Discrimination Act (PDA), provides that "[w]omen affected by pregnancy, childbirth or related medical conditions shall be treated the same for all employment-related purposes...as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k). The PDA does not require employers to offer maternity leave or other special assistance to pregnant employees; however, it does require an employer to treat a pregnant employee as well as that employee would have been treated had she not been pregnant. *Troupe v. May Dep't Stores*, 20 F.3d 734, 738 (7th Cir 1994).

In the absence of direct evidence, the United States Supreme Court has established requirements necessary to prove a *prima facie* case of employment discrimination prohibited by Title VII. In *McDonnell Douglas Corp v. Green* (1973) the United States Supreme Court adopted a burden-shifting process for establishing whether an employer's expressed reason for taking adverse action against an employee is simply a pretext for discrimination. Under the *McDonnell Douglas* burden-shifting process, the employee bears the burden of establishing a

*WFEP #113-2008*
*EEOC #541-2008-02419*
*Page 5*

*prima facie* case of discrimination. The employee merely has to assert and present the elements of *prima facie* to establish a case for discrimination.

To establish a *prima facie* case Complainant was subjected to sexual harassment, she must prove:

1. She belonged to a protected group, pregnant female;
2. She was subjected to unwelcome sexual harassment;
3. The harassment complained of is based upon sex;
4. The sexual harassment complained of affects a term, condition or privilege of employment and is so pervasive it alters working conditions and creates an abusive working environment.

In *Davis v. U.S. Postal Serv.*, (10th Cir.1998) the Court said "a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.". In *Penry v. Fed. Home Loan Bank,* (10th Cir.1998) the Court stated the plaintiff must also produce evidence from which a rational jury could infer that she was targeted for harassment because of her gender, race, or national origin. All of Respondent's employees are female. The evidence shows conversations Respondent had with Complainant about his surgery were offensive to some employees and perhaps that while they may have been inappropriate, they do not meet the severe or pervasive standard as set by the courts and were not unlawful.

To establish a *prima facie* case of discriminatory discharge because of her sex, pregnant female, Complainant must prove:

1. She belong to a protected group, pregnant female;
2. She was performing her job satisfactorily;
3. That despite her satisfactory performance, Complainant was discharged;
4. That after Complainant's discharge, the job was filled with someone outside her protected group.

Under *McDonnell Douglas*, once an employee has proven a *prima facie* case of discrimination, the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for the adverse action taken against the employee. If an employer is able to articulate a legitimate, nondiscriminatory reason, the burden shifts back to the employee to prove the employer's proffered reason is pretext. To prove pretext, the employee must show the reasons offered by the employer were not true and were intended to hide a discriminatory motive for the decision. The Supreme Court ruled the "burden of persuasion [for proving discrimination] remains with the charging party employee..., and the respondent employer bears only the burden

*WFEP #113-2008*
*EEOC #541-2008-02419*
*Page 6*

of explaining clearly the nondiscriminatory reasons for its actions." *Texas Dep't of Community Affairs v. Burdine,* 450 U.S.248 (1981).

Under Tenth Circuit precedent, pretext may be shown by "inconsistencies" and "contradictions" in the employers' proffered legitimate reasons for it actions. *Bryant v. Farmers Insurance Exchange* (10th Cir. 2005). Pretext may also be established by showing either a discriminatory reason was more likely motivated by the employer or the employer's proffered explanation is unworthy of credence. *Rea v. Martin Marietta Corp.* (10th Cir. 1994).

Complainant asserts and there is no dispute Complainant belongs to the protected class of pregnant female, satisfying the first required element of a *prima facie* case.

In <u>Hooks v. Diamond Crystal Specialty Foods, Inc., 997 F.2d 793 (10th Cir.1993)</u>, the court said a person reassigned is adversely affected not only if she receives less pay, but also if she has less responsibility or is required to utilize a lesser degree of skill than in her previous assignment. Respondent would not allow Complainant to take x-rays. Complainant did not request the change in duties and the work environment was set out where Complainant would stand behind a wall and in the hall to take x-rays. There was no business necessity for Respondent to change Complainant's duties. Complainant was moved to the front reception area to work with the office manager. Complainant was a trained dental assistant.

Complainant asserts she was performing her job satisfactorily until Respondent found out Complainant was pregnant. Evidence leads to the inference Respondent's actions were motivated by Complainant's pregnancy. Complainant was employed with Respondent for over 1 ½ years with no previous work performance issues. Shortly after Respondent found out Complainant was pregnant Respondent began to find deficiencies in Complainant's performance. The reasons Respondent gives for Complainant's poor performance are trivial, non-substantive and most likely motivated by Complainant's pregnancy.

To establish a *prima facie* case of retaliation, Complainant must prove:

1. She engaged in protected opposition to Title VII discrimination by protesting in what she believed in good faith to be an unlawful employment practice;
2. She suffered an adverse action by the employer subsequent to her protesting to the unlawful employment practice;
3. That there was a causal connection between her protesting to the unlawful employment practice and her discharge.

In *Medina v. Income Support Div.*, 413 F3d. 1131 (10th Cir. 2005) the plaintiff alleged that she was subjected to retaliation in the form of coworker hostility, a warning letter, and denial of promotion. The court ruled that coworker hostility constitutes an adverse action only if it is "sufficiently severe." The plaintiff in *Medina* alleged that she was the victim of coworker

*WFEP #113-2008*
*EEOC #541-2008-02419*
*Page 7*

hostility, but failed to allege specific instances of such hostility. Complainant failed to establish a *prima facie* case of retaliation. Complainant and a coworker discussed how Respondent's remarks about his surgery and medical condition were inappropriate and perhaps offensive. Although Complainant has failed to show how she suffered an adverse action because of her discussions with a coworker, evidence supports the conclusion she was terminated because she was pregnant.

Based on the above analysis, I have determined that the evidence obtained during the investigation has established a violation of state and federal statutes. I thereby issue a probable cause finding in that, based upon a preponderance of the evidence, there is probable cause to believe discrimination occurred.

## CONCILIATION AGREEMENT

IN THE MATTER OF:

Wyoming Department of Employment
Fair Employment Program

and

Amber Thomposon
c/o Federal Administrative Law Corp.
James Hefflin
1603 Capitol Avenue, Suite 312
Cheyenne, WY 82001

COMPLAINANT,

and

Cheyenne Periodontics
c/o John C. Van Ginkel, DDS.
1401 Airport Parkway, Suite 110
Cheyenne, WY 82003-0043

RESPONDENT.

WFEP #113-2008
EEOC # 541-2008-02419

Charges having been filed in the form of a verified complaint on the 25'' day of June, 2008 under W.S. § 27-9-105 of the Wyoming Fair Employment Practices Act by Complainant against Respondent and a preliminary investigation having been made and with a written Determination having been issued, the parties do hereby resolve and settle this matter as follows:

### I. GENERAL PROVISIONS

A. Respondent agrees that the Department, on request of Complainant or on its own motion, may review compliance with this Agreement. As a part of such review, the Department may require written reports concerning compliance, may inspect the premises, examine witnesses and examine and copy documents.

B. Complainant hereby waives, releases and covenants not to sue Respondent with respect to the complaint filed with the Wyoming Department of Employment and the Equal Employment Opportunity Commission, if applicable, subject to performance by Respondent of the promises and representations contained herein. The Department shall determine whether Respondent has complied with the terms of the Agreement.

C. Respondent agrees that all hiring, discharges and other terms and conditions of employment shall be maintained and conducted in a manner which does not discriminate on the basis of race, color, sex, creed, national origin, ancestry, age or handicap in violation of the Wyoming Fair Employment Practices Act of 1965, as amended.

D. The parties hereof agree that there shall be no retaliation or discrimination of any kind against any person because of opposition to any practice declared unlawful under the Wyoming Fair Employment Practices Act of 1965 as amended, or Title VII of the Civil Rights Act of 1964, as amended; or because of the filing of a charge, giving of testimony or assistance, or participation in any manner in the investigation, proceeding or hearing under the Wyoming Fair Employment Practices Act of 1965, as amended, or Title VII of the Civil Rights Act of 1964, as amended

*WFEP #113-2008*
*Page 2 of 2*

E. Respondent agrees to retain records and to provide the written reports under the section in this Agreement entitled "Reporting." Reports will be furnished to the Wyoming Department of Employment that has signified final approval of this Agreement.

F. The parties agree that this Agreement does not constitute an admission by Respondent of any violation of the Wyoming Fair Employment Practices Act of 1965, as amended.

## II. COMPLAINANT'S RELIEF

A. Respondent shall pay to Complainant full back pay and other make whole relief as outlined in W.S. § 27-9-105 and § 27-9-106 totaling $ as evidenced by the enclosed documentation.

| | |
|---|---|
| Lost Wages April 2008 to August 9, 2008 @ $10.00 per hour + | $ 7,080.00 |
| Lost Wages November 2008 to November 2009 @ $10.00 per hour + | $21,240.00 |
| | $28,320.00 |

## III. REPORTING

A. Respondent shall review its Equal Employment Opportunity (EEO) policy and disseminate the same to all employees. Respondent has a conflict resolution process or grievance procedure that addresses employee work-related problems. Respondent's grievance procedures should address employee fears of retaliation with the goal of making its conflict resolution process more effective.

B. Respondent will submit any documentation that will substantiate that it has taken steps agreed to under General Provisions as stated above.

C. Respondent agrees to sign and conspicuously post a Notice to Employees (attached.) This posting is required under Labor Standards Rules of Practice and Procedure and will be posted in all of Respondent's departments in locations of employee gatherings for a period of 90 days.

D. Respondent agrees to report in writing to the Program Manager, Labor Standards/Fair Employment Program, 1510 East Pershing, West Wing, Room, 150, Cheyenne, WY 82002 concerning the implementation of this Agreement. Reports will include a description of the training materials for management training and a copy of the revised/reviewed EEO policy.

## IV. SIGNATURES

I have read the foregoing statements contained in the Conciliation Agreement and I accept and agree to the provisions contained therein:

Date _____          _____
                                      COMPLAINANT

Date _____          _____
                                      RESPONDENT

Approved:

Date _____          _____
                                      Cherie Doak, Program Manager
                                      Labor Standards

## NOTICE TO EMPLOYEES

## AS REQUIRED UNDER

## TITLE VII OF THE CIVIL RIGHTS ACTS OF 1964

### And

## THE WYOMING FAIR EMPLOYMENT PRACTICES ACT

## OF 1965, AS AMENDED

1. This Notice is being posted as part of a remedy agreed to pursuant to the Conciliation Agreement between Cheyenne Periodontics and the Department of Employment, Labor Standards, in settlement of charges of employment discrimination filed by an employee.

2. Federal and State law require that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, handicap or age (40 and over) with respect to hiring, promotion, discipline and discharge, compensation or other terms, conditions or privileges of employment.

3. Cheyenne Periodontics supports and will comply with such Federal and State law in all respects and will not take any action against employees because they have exercised their rights under the law.

4. Cheyenne Periodontics has adopted an equal employment opportunity policy and will ensure that all supervisory employees and other employees are aware that an environment free of discrimination and harassment will be maintained and that any employee who believes this policy is not being maintained can report the same to proper management officials without fear of retaliation, harassment or reprisal.

5. Charges of discrimination may be filed at the office of the Department of Employment, Labor Standards, 1510 E. Pershing, West Wing, Room 150, Cheyenne, Wyoming 82002 or the Equal Employment Opportunity Commission, 303 East 17th Avenue, Suite 510, Denver, Colorado 80203. The telephone numbers are (307) 777-7261 or (303) 866-1300, respectively.

6. This Notice shall be posted for 90 days from date of signature.

_____                         _____
Date                                            Cheyenne Periodontics